# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STANLEY J. HANCZYC, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2397 |
| | (JUDGE CAPUTO) |
| VALLEY DISTRIBUTING AND STORAGE COMPANY, INC., CONRAD KOTLOWSKI, and CAROL KEUP, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants Conrad Kotlowski's and Carol Keup's motion to dismiss. (Doc. 8.) . Defendants argue that Plaintiff is not permitted to bring claims against the Defendants as employees under the Americans with Disabilities Act ("ADA"). They also argue that Plaintiff's Pennsylvania Human Relations Act ("PHRA"), intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED") claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  Since it is clear from the face of the complaint that Plaintiff is not bringing claims against these defendants under the ADA, that issue need not be addressed here.  As to the others, for the reasons discussed below, the Court will dismiss the claims for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED").  However, the Court will not dismiss Plaintiff's PHRA claim.

## BACKGROUND

The facts alleged in the complaint are as follows.

At all times relevant to the action, Plaintiff was employed by Valley Distributing and Storage Company, Inc. ("Valley") and Defendants Kotlowksi and Keup were both Plaintiff's

supervisors.  Prior to October 31, 2007, Plaintiff had been an exempt, salaried employee with the position of Distribution Manager earning approximately forty-two thousand dollars ($42,000.00) a year.  On October 31, 2007, Plaintiff underwent open-heart surgery and returned to his job six and half weeks later, on or around December 17, 2007.  Upon returning to work, Plaintiff was reclassified as a non-exempt employee at an hourly rate of twenty dollars and nineteen cents ($20.19).  Upon returning to work, Plaintiff was subject to medical restrictions regarding the hours he could work and the duties he could perform, reasonable accommodations he was entitled to under the ADA, PHRA, and Family Medical Leave Act ("FMLA").  However, Valley refused to accommodate these medical restrictions and forced Plaintiff to work in excess of the medical restrictions.  Further, Plaintiff regularly worked in excess of forty hours a week between December 2007 and August 2009 and was never paid overtime despite his non-exempt status.  Plaintiff continually requested that Defendants observe his medical restrictions but was ignored and disciplined when he left work after working beyond the maximum number of hours recommended by his doctors.  After complaining about the treatment he was receiving to Defendants and then to the United States Department of Labor, Plaintiff's pay was cut and in August 2009 Plaintiff was fired.

In his complaint, Plaintiff brings claims under: the ADA (Count I); the ADA's retaliation provision (Count II); the PHRA (Count III); the FMLA (Count IV); the FMLA's retaliation provision (Count V); the Fair Labor Standards Act ("FLSA") (Count VI); and the Pennsylvania Minimum Wage Act (Count VII); as well as IIED and NIED claims (Counts VIII and IX) under Pennsylvania common law.  Defendants Keup and Kotlowski filed a motion to dismiss (Doc. 8) the complaint on January 31, 2011.  The motion has been briefed and

is ripe for review.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are

3

based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

### I.     Plaintiff's ADA claims

Since Plaintiff's complaint states that his ADA claims are against Defendant Valley and not against Defendants Keup or Kotlowski, Defendants motion to dismiss these claims is superfluous and need not be addressed by the Court.

### II.    Plaintiff's PHRA claim

Plaintiff's PHRA claim against Defendants Keup and Kotlowski will not be dismissed.

The PHRA prohibits many of the same discriminatory employment practices as Title VII and the ADA, and like those laws, in general does not apply to employees. However,

according to 43 P.S. § 955(e), it is an unlawful discriminatory practice:

> For any person, employer, employment agency, labor organization or *employee*, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice.

(emphasis added.) In interpreting this statute, the Third Circuit has previously held that supervisors can be liable for aiding and abetting discriminatory practices. *Dici v. Com. of Pa.*, 91 F.3d 542, 553 (3d Cir. 1996). Here, Plaintiff claims that Defendants Kotlowksi and Keup, who were his supervisors, discriminated against him and ultimately terminated him on the basis of his disability. Therefore, Plaintiff has alleged facts sufficient to establish Defendants' liability under 43 P.S. § 955(e).

### III.  Plaintiff's IIED claim

Plaintiff's IIED claim will be dismissed for failure to state a claim.

"To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and dangerous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Hoy v. Angelone*, 456 Pa. Super. 596 (1997). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possibly bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct.1997). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Id.* Furthermore, "in order to state a claim under which relief can be granted

for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury." *Hart v. O'Malley*, 436 Pa. Super.151 (1994); *see also Mann v. Brenner*, No. 1:06-cv-1715, 2008 WL 4491950, at *7 (M.D. Pa. Sept.30, 2008).

"At the outset, it must be recognized that it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988) (citing *Rinehimer v. Luzerne County Cmty. Coll.*, 372 Pa.Super. 480 (Pa. Super. Ct.1988)). "Indeed, the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harassment and other retaliatory behavior against an employee." *Cox*, 861 F.2d at 395.

Here, Plaintiff, bringing an IIED claim in an employment context, has not brought a hostile work environment claim based on sexual harassment.  More fundamentally, the actions and conduct Plaintiff alleges, being discriminated against and terminated because of a disability, would likely not cause an average member of the community to exclaim, "outrageous!"

**IV.    Plaintiff's NIED claim**

Plaintiff's NIED claim will be dismissed for failure to state a claim.

Under Pennsylvania law, the cause of action for negligent infliction of emotional distress is restricted to four factual scenarios: "(1) situations where the defendant had a contractual or fiduciary duty toward the plaintiff; (2) the plaintiff was subjected to a physical impact; (3) the plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury; or (4) the plaintiff observed a tortious injury to a close relative."

*Toney v. Chester County Hosp.*, 961 A.2d 192, 197-98 (Pa. Super. Ct. 2008). Here, the most relevant factual scenario is the first one, i.e. that Defendants had a contractual or fiduciary duty toward the Plaintiff. Under this theory, "a plaintiff must establish the elements of a negligence claim, 'i.e., that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage'." *Toney*, 961 A.2d at 198. Setting aside whether Defendants owed a duty to the Plaintiff, there are no allegations of negligent behavior in Plaintiff's complaint – all the Defendants' alleged acts were intentional. As a result, Plaintiff has failed to state a claim for negligent infliction of emotional distress under Pennsylvania law.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss (Doc. 8) will be granted in part and denied in part. Plaintiff's IIED and NIED claims will be dismissed but his PHRA claim will not be dismissed. An appropriate order follows.

| | |
|---|---|
| 5/9/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY J. HANCZYC, JR.,

   Plaintiff,

CIVIL ACTION NO. 3:10-CV-2397

(JUDGE CAPUTO)

VALLEY DISTRIBUTING AND
STORAGE COMPANY, INC., CONRAD
KOTLOWSKI, and CAROL KEUP,

   Defendants.

## ORDER

**NOW**, this \_\_\_9th\_\_\_ day of May, 2011, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 8) is **GRANTED in part and DENIED in part** as follows:

(1) Defendants' motion to dismiss Plaintiff's Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress claims is **GRANTED**.

(2) Defendants' motion to dismiss Plaintiff's PHRA claim is **DENIED**.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge